IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LITA CORBELLA,

      Plaintiff,                             No. CIV S-07-1020 RRB EFB PS

      vs.

BENJAMIN FRIEDMAN, *et al.*,        ORDER

      Defendants.

_____/

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff initiated this action on May 30, 2007 by filing a complaint and paying the required filing fee. On June 1, 2007, plaintiff filed a letter with the court requesting a fee waiver. The court construes this as a request to proceed *in forma pauperis*, and because plaintiff has already paid the filing fee, a request for a refund of the previously paid fee.

      The letter filed by plaintiff fails fully to inform the court whether plaintiff is unable to prepay fees and costs or give security for them, and therefore fails to meet the requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed *in forma pauperis* is denied without prejudice. Plaintiff may file within twenty (20) days from the date of this order a completed application to proceed *in forma pauperis*. The court directs the Clerk to send plaintiff

1

a copy of that application together with this order.

The court next turns to plaintiff's "request to enter default," filed June 26, 2007. This request asks the Clerk to enter default against all defendants pursuant to Fed. R. Civ. P. 55(a).

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

Defendants James Friedman, Susan Friedman, the Estate of Benjamin Friedman, Peter Kelley, Esq., and Richard Gray, Esq., have filed an opposition to this request, asserting that plaintiff has thus far failed to effect service of process on any of them.[1] In particular, they argue that plaintiff's attempted service by mailing via certified mail only, without more, fails to comply with applicable rules of procedure.

The court has examined the file and finds that plaintiff has either failed to properly effect service of process on these defendants, or that the time for filing a responsive pleading had not expired at the time of her request. Accordingly, the court denies without prejudice plaintiff's request for entry of default.

The affidavit filed with plaintiff's request merely contains a type-written list of dates that she allegedly sent copies of the summons and complaint to the defendants via certified mail. The proofs of service filed by plaintiff confuse the matter somewhat, as it appears she has served several defendants at multiple addresses, some in Florida and others in California.

Rule 4 of the Federal Rule of Civil Procedure governs service of process in federal cases. Under Rule 4(e)(2), service may be effected on an individual "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an

---

[1] Defendant "Coldwell Banker Elite" has not joined the opposition or otherwise responded to plaintiff's request.

agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

Based on the proofs of service filed by plaintiff with the court, it appears that she did not effect personal service under this provision since she only sent copies of the summons and complaint by certified mail.

Alternatively, Rule 4 provides that a plaintiff may serve the summons and complaint in the manner provided by the state rules of service. Specifically, service "may be effected . . . pursuant to the law of the state in which the district is located, or in which service is effected." Fed. R. Civ. P. 4(e)(1).

Here, plaintiff attempted to effect service in California through the mail. Under California law, a summons may be served by mail, but it must be mailed together with two copies of the notice and acknowledgment provided in Cal. Civ. Proc. Code § 415.30(b), together with a return envelope, postage prepaid, addressed to the sender. Cal. Civ. Proc. Code § 415.30.[2]

One copy of the acknowledgment form "*must be executed and returned to the sender by the person to whom it was mailed*, or by his agent, if service is to be made on him as an individual. Service is complete on the date the form is executed if thereafter it is returned to the sender." Judicial Council Comments to Cal. Civ. Proc. Code § 415.30 (emphasis added). If the form, or an equivalent written acknowledgment of receipt, is not returned to the sender within 20 days after it has been mailed to such person, the sender may attempt to effect service on him in another manner authorized under the rules. *Id.*

Plaintiff did not comply with the requirements of § 415.30 because she failed to provide defendants with the acknowledgment form as set forth in this section; even if she had, defendants

---

[2] " Process consists of a copy, in proper form, of the summons and of the complaint, and must be sent by first-class mail or airmail, postage prepaid, to the person to be served, together with two copies of the form of notice and acknowledgment of receipt specified in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." Judicial Council Comments to Cal. Civ. Proc. Code § 415.30 (emphasis added).

have not returned it.

To the extent plaintiff sought to effect service on out-of-state defendants pursuant to § 415.40, the time to file a responsive pleading had not expired as of the date of plaintiff's request. *See* Cal. Civ. Proc. Code § 415.40 (providing for service by mail on out-of-state defendants); Judicial Council Comments to Cal. Civ. Proc. Code § 415.40 ("[S]ervice is complete on the tenth day following the date of mailing. Consequently, a defendant served by this form of mail has 40 days from the date of mailing in which to file a responsive pleading.").

Because plaintiff avers that she mailed the summons and complaint to the defendants on either May 30 or 31, 2007, the deadline for filing a responsive pleading was July 9 or 10, 2007. The court notes that it is far from clear whether some of these defendants are truly "out-of-state" defendants since plaintiff has listed multiple addresses for them. For example, for defendants James and Susan Friedman, plaintiff has mailed summons to addresses in both Florida and California. Plaintiff is advised that if she later seeks to renew her request for entry of default, the court will require her to clearly establish, without any ambiguity, that the defendants were effectively served. Given the numerous addresses listed for several of the defendants, the court is not satisfied that service has been effected.

For these reasons, plaintiff's June 26, 2007, request for entry of default against all defendants is denied without prejudice

In accordance with the foregoing, IT IS ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is denied without prejudice;

2. If plaintiff wishes to renew that request, she shall file within twenty (20) days from the date of service of this order a completed application to proceed *in forma pauperis*; the Clerk is directed to send plaintiff a copy of the application together with this order; and,

////

////

////

3. Plaintiff's June 26, 2007, request for entry of default against all defendants under Fed. R. Civ. P. 55(a) is denied without prejudice.

DATED: July 16, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE