IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LITA CORBELLA,

        Plaintiff,                         No. CIV S-07-1020 RBB EFB PS

     vs.

ESTATE OF BENJAMIN FRIEDMAN, et al.,

                                   ORDER AND FINDINGS AND RECOMMENDATIONS

        Defendants.

_____/

       This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff appears to allege in her amended complaint, filed August 9, 2007, that the defendants fraudulently took certain real property from her. As discussed below, the complaint is hardly a model of clarity. All named defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1] Plaintiff also moves to disqualify defense attorney Gray.

---

[1] The court deems all pending motions as being directed at the amended complaint. That complaint excludes originally named defendant Robert Do. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (defendants not named in an amended complaint are no longer defendants).

    Although plaintiff names Coldwell Banker Elite as a defendant, the record does not show that service was ever properly effected as to that entity. Plaintiff has merely filed a document purporting to show that she mailed a copy of the summons and complaint to Coldwell Banker

1

The motions were submitted without oral argument and the court now issues the following findings and recommendations on those motions. As explained below, the court recommends that defendants' motions to dismiss be granted, and that this action be dismissed for lack of subject matter jurisdiction, and for failure to state a claim.

**I. BACKGROUND**

The allegations in the amended complaint are vague and rambling. The crux of complaint is that defendants have wrongfully taken from plaintiff real property in Sacramento County – 15 Batavia Court, Sacramento, California (hereafter the "subject property"). *See* First Amended Complaint ("FAC"), ¶¶ 12- 49.

Plaintiff alleges that she lived in this home with her fiancee and business partner, Benjamin Friedman. She claims he "granted a power of attorney" to plaintiff as "occupant and owner of the property." FAC, ¶ 13. She further alleges that Mr. Friedman wanted her "to have money to live on so he gave [her] 50% of the profits should [they] sell the property and the other 50% would go into purchase of the new residence for [her]." *Id.* She claims that Mr. Friedman passed away on May 10, 2006, and that he "gifted" the subject property to her. *Id.* She also alleges that Mr. Friedman collaborated with her on the purchase of other properties, and signed an agreement to share the profits on the sale of a property identified as "2235 Mabry Drive, Sacramento" (the "Mabry property"). FAC, ¶¶ 18-21.

Plaintiff claims that defendants James and Susan Friedman "cut off all communications between Benjamin Friedman and [plaintiff]" and did not inform her of his death. FAC, ¶¶ 23, 24. She then makes a series of confusing allegations regarding alleged fraud by defendants to sell the subject property and the Mabry property without her consent. Apparently this ultimately resulted in state court proceedings to evict her from the subject property. *See* FAC, ¶¶ 25-49.

---

Elite at a Sacramento address on May 30, 2007. *See* doc. no. 5. This does not establish effective service. *See* Fed. R. Civ. P. 4(h)(1); 4(e)(1); Cal. Civ. Proc. Code §§ 415.95, 416.10 (requiring more than mailing a copy of summons and complaint to one of defendant's many offices).

Plaintiff seems to allege that defendants James and Susan Friedman presented allegedly fraudulent trust documents to accomplish the sale and eviction. She says they conspired with their attorneys – defendants Richard Gray and Peter Kelley – to achieve those goals. *See* FAC, ¶¶ 30-48; 65-81. She also claims that the judges presiding over the related state court proceedings – defendants Judge Allen Sumner, Judge William M. Gallagher, and Judge Roland Candee – were part of this conspiracy against her. In particular, she say that they violated her "14th Amendment property rights and right to due process of law" and "conspired to obstruct justice pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1982(2) [*sic*]." FAC, ¶ 48. Plaintiff seems to allege that all defendants took part in this conspiracy to violate her civil rights and deprive her of the Mabry and subject property. *See, e.g.,* FAC, ¶¶ 65-81.

Plaintiff alleges that "this action is base [*sic*] upon federal question jurisdiction pursuant to Title 28, United States Code, Section 1331 . . . and the Due Process Clause of Art IV of the United States Constitution. FAC, ¶ 6. She defines the "the issue before this court" as the violation of her "civil rights Title 42 U.S.C. § 1983 and 1985(2). *Id.* She asks the court to "rule that defendant's [*sic*] conduct appears to constitutes [*sic*] several questionable acts and should be investigated by a prosecutor." FAC, ¶ 88. She also asks the court to find that the subject property is her home, and to award her five million dollars. FAC, ¶¶ 90, 98.

Defendants have moved to dismiss this action for failure to state a claim and for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (6). Defendants Estate of Benjamin Friedman, James Friedman, Susan Friedman, Peter Kelley and Richard Gray point out that an action filed in Sacramento Superior Court had proceeded to trial, and that the court found that James and Susan Friedman were entitled to the subject property. *See* Defs.' Mot. to Dism., at 4:9-20 (doc. no. 16-2).

The court first addresses plaintiff's "motion to disqualify," attorney Richard Gray, himself a defendant, from representing his co-defendant Peter Kelley and various other defendants. Plaintiff cites no authority to support her motion. Nor does she present any reason

3

to warrant disqualification.  The motion is therefore denied.

## II. DISCUSSION

### A. Standards

#### 1. **Rule 12(b)(1)**

Federal district courts are courts of limited jurisdiction, and are only authorized to adjudicate those cases which the Constitution and the laws of Congress permit.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  A case presumably lies outside the jurisdiction of the federal courts unless proven otherwise.  *Kokkonen*, 511 U.S. at 376-78; *Stock W., Inc. v. Confederated Tribes of Colvill Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)).

Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made.  *See, e.g., Crisp v. United States*, 966 F. Supp. 970, 971-72 (E.D. Cal. 1997).

First, if the motion attacks the complaint on its face, often referred to as a "facial attack," the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made."  *Doe v. Schachter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992).

Second, if the motion makes a "factual attack" on subject matter jurisdiction, often referred to as a "speaking motion," the court does not presume the factual allegations of the complaint to be true.  *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  In a factual attack, defendant challenges the truth of the jurisdictional facts underlying the complaint.  "Faced with a factual attack on subject matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6). . . . No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Id.* (quotations and citation omitted); *see also, Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  The court may consider evidence such as declarations or testimony to resolve factual disputes.

4

*Thornhill Pub. Co.*, 594 F.2d at 733; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Consideration of material outside the pleadings does not necessarily convert a 12(b)(1) motion into one for summary judgment. *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). "However, when 'ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment.' Under this standard, 'the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (quotations and citations omitted) (emphasis added).

Here, the question raised by this motion regarding this court's subject matter jurisdiction can be resolved by based on the face of the complaint and facts subject to judicial notice, and there is no need to apply the summary judgment standard.

### 2. Rule 12(b)(6)

The Supreme Court has recently had occasion to revisit and clarify the standards governing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964, 1970 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action. *Bell Atlantic*, 127 S.Ct. at 1965. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Id*.

5

The crux of the standard is this. Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When a motion to dismiss attacks the sufficiency of the facts plead, the court assumes the complaint's factual allegations as true and determines whether those assumed facts give rise to a cause of action. *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984). In doing so, the court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *NOW*, 510 U.S. at 256 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Although courts will not normally look beyond the four corners of the complaint in resolving a Rule 12(b)(6) motion,[2] *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir.1997), *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001), a "court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint." *Id*. Moreover, the court may disregard allegations of the complaint that are contradicted by attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir.

---

[2] When a party relies on matters extrinsic to the complaint, Rule 12(b)(6) expressly mandates that the court either disregard the extrinsic material or invoke the procedural protections afforded under Rule 56 so that the non-moving party is provided the opportunity to present evidence sufficient to overcome the motion. These procedures include converting the matter to a motion for summary judgment under Rule 56 and providing notice to the non-moving party that the facts challenged in the complaint must be supported with evidence adequate to demonstrate a genuine issue of material fact. *Rosales v. United States*, 824 F.2d 799, 802 (9th Cir. 1987) (If matters external to the pleadings are presented to the court and not excluded, a Rule 12(b)(6) motion for failure to state a claim must be treated as a motion for summary judgment.).

1987).

Additionally, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

However, pro se pleadings are not exempt from the requirements of complaints generally. Although the court has an obligation to construe the pleadings of a pros se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc), the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Application**

Plaintiff premises her allegations of federal question jurisdiction on alleged violations of her civil rights. She sues under 42 U.S.C. §§ 1983, 1985, and 1982.[3] However, mere citation to these statutes is not sufficient to establish federal question jurisdiction.

In her section 1983 claims plaintiff does not, nor can she, allege the necessary element of state action. To state a claim under § 1983 she must allege: (1) the violation of a federal

---

[3] Plaintiff also cites to a purported federal law called the "Stop Fraud Act," Title 18, U.S.C. § 1351. First Amended Complaint ("FAC"), ¶ 1. This proposed legislation has not been enacted. *See* http://www.govtrack.us/congress/bill.xpd?bill=s110-1222.

7

constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). All named defendants – except for the judges – are private citizens, and plaintiff does not allege that the private party defendants were acting under color of law, or were otherwise cloaked in the state's authority. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) ("[T]he party charged with the deprivation must be a person who may fairly be said to be a governmental actor." *Sutton*, 192 F.3d at 835 (citation and quotations omitted). Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Id.* (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999))(citation and internal quotation marks omitted).

Although plaintiff names three state court judges as defendants, her claims against them involve their actions while presiding over the state court proceedings concerning the disputed property. The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. *Pierson v. Ray*, 386 U.S. 547 (1967). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor [or judge] whose malicious or dishonest action deprives him of liberty.'" *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976)). Even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Id.* (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)). Accordingly, because plaintiff's claims merely concern her dissatisfaction with actions taken in their offical capacities while presiding over the state court proceedings, plaintiff cannot state a claim against them under § 1983. Thus, those claims cannot support her allegation of federal question jurisdiction.

To the extent plaintiff intends to seek this court's review of the underlying state court decisions adjudicating her rights to the subject property, the court cannot undertake such a review. A federal district court does not have jurisdiction to review alleged legal errors in state

8

court decisions.  *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).  "The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case."  *Samuel v. Michaud*, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996); *see also Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) (a federal plaintiff who asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision is barred by *Rooker-Feldman* because the federal court lacks subject matter jurisdiction).

Although plaintiff states in her opposition that she is not seeking review of the state court judges' decision, in fact she is.  She argues that the judges violated her rights by "not applying the appropriate law to the facts" and by not "considering all the evidence on both sides without partiality or bias."  Pl.'s Opp'n, at 3:7-10 (doc. no. 35).  That is the very epitome of an appeal or request for review of a trial court's ruling.  In sum, plaintiff's claim is premised on the argument that the state court judges did not correctly adjudicate her alleged right to the subject property.  This court lacks subject matter jurisdiction to review the state court's adjudication of those rights.

With regard to plaintiff's claims under §§ 1982 and 1983, plaintiff does not allege that she is a member of a protected class.

Section 1982 entitles all citizens of the United States to the same right as is enjoyed by white citizens "to inherit, purchase, lease, hold, sell, and convey real and personal property."  42 U.S.C. § 1982.  In order to state a claim under section 1982, a plaintiff must allege racial discrimination.  *See West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1527 (9th Cir. 1990).

Here, plaintiff does not identify her race in the amended complaint, and her numerous and lengthy allegations fail to allege discrimination of any kind, let alone on the basis of race. Rather, her claims are premised on defendants' alleged fraud and conspiracy to take the subject

9

property from her, not on any purported discrimination.

Section 1985 proscribes conspiracies to interfere with civil rights. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). As construed by the United States Supreme Court, it protects only against discrimination founded upon invidious, class-based animus. *United Bhd. of Carpenters and Joiners Local v. Scott*, 463 U.S. 825 (1983); *Ramirez v. City of Reno*, 925 F. Supp. 681, 689 (D. Nev. 1996). Again, plaintiff alleges nothing of the kind.

Plaintiff has failed to state any claim under the identified federal statutes, and she asserts no other basis for this court's jurisdiction over this action. Her mere citation to provisions of the Constitution and to various federal statutes does not form a basis for federal question jurisdiction. Indeed, her allegations themselves defeat jurisdiction here. They demonstrate that her dispute is over alleged rights to property pursuant to a contract with the deceased Mr. Friedman and her dissatisfaction with the state court ruling that resolved that dispute. None of her allegations can be construed as invoking the court's federal question jurisdiction.

Moreover, plaintiff cannot invoke the court's diversity jurisdiction. She alleges that she and several of the defendants are citizens of California. *See* FAC, ¶¶ 9, 12, 52, 54; 28 U.S.C. § 1332(a); *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (section 1332(a)(1) requires complete diversity between *all* plaintiffs and *all* defendants) (emphasis added).

Accordingly, the court recommends that defendants' motions be granted, and that this action be dismissed for lack of subject matter jurisdiction, and for failure to state a claim.

**III. CONCLUSION**

In accordance with the foregoing, IT IS ORDERED that plaintiff's motion to disqualify is denied;

Further, IT IS RECOMMENDED that:

1. Defendants' July 17, 2007, September 12, 2007, and October 19, 2007, motions to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) be granted; and,

10

1        2.  The Clerk be directed to close this case.

2        These findings and recommendations are submitted to the United States District Judge
3   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10)
4   days after being served with these findings and recommendations, any party may file written
5   objections with the court and serve a copy on all parties.  Such a document should be captioned
6   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
7   shall be served and filed within ten (10) days after service of the objections.  The parties are
8   advised that failure to file objections within the specified time may waive the right to appeal the
9   District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
10  951 F.2d 1153, 1157 (9th Cir. 1991).

11  DATED:  February 25, 2008.

                                    /s/ Edmund F. Brennan
                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE